# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

―――――――――――――

**No. ACM 40059**

―――――――――――――

**UNITED STATES**
*Appellee*

**v.**

**Vanessa R. RIVAS**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

―――――――――――――

Appeal from the United States Air Force Trial Judiciary

Decided 7 March 2022

―――――――――――――

*Military Judge:* Shad R. Kidd.

*Sentence:* Sentence adjudged on 4 February 2021 by GCM convened at Joint Base San Antonio-Lackland, Texas. Sentence entered by military judge on 4 March 2021: Bad-conduct discharge, confinement for 10 months, and reduction to E-1.

*For Appellant:* Major Megan E. Hoffman, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Captain Kristopher N. Houghton, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, ANNEXSTAD, and GOODWIN, *Appellate Military Judges*.

Judge GOODWIN delivered the opinion of the court, in which Chief Judge JOHNSON and Judge ANNEXSTAD joined.

―――――――――――――

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

―――――――――――――

GOODWIN, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with her pleas and pursuant to a plea agreement, of three specifications of assault consummated by battery upon a child in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928.[1,2] The specifications involved offenses Appellant committed between on or about 1 March 2019 and 17 April 2019. The military judge sentenced Appellant to a bad-conduct discharge, confinement for ten months, and reduction to the grade of E-1.

The convening authority took no action on the findings or sentence. The military judge signed an entry of judgment (EoJ) reflecting the findings and sentence. Appellant raises a single issue before this court pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982): whether her sentence is inappropriately severe.

Finding no error materially prejudicial to a substantial right of Appellant, we affirm the findings and sentence.

## I. BACKGROUND

Appellant was assigned to the 59th Dental Training Squadron, Joint Base San Antonio-Lackland, Texas, where she befriended NM who had a six-year-old daughter, EM. Later, Appellant and NM began dating and cohabitating. Eventually, Appellant took on a parenting role with EM.

EM was diagnosed with attention deficit hyperactivity disorder (ADHD), and she had a history of behavioral problems at school. On or about 15 April 2019, NM received a call from EM's school reporting behavioral issues, including that EM had bitten another child. Appellant picked EM up from school and took her to NM's home. Once home, Appellant and NM took EM to her room, where NM spanked her. After the spanking, Appellant bit EM on her arm "to show her what it felt like." NM then left the room, leaving Appellant and EM alone. Alone with EM, Appellant "lost her temper" and assaulted EM. Appellant agreed that she pulled EM by her ponytail, dragged her some distance across the floor, hit her on her sides and stomach, and kicked her between her head and torso two or three times.

The following day, youth center employees noticed multiple injuries on EM, including a scratch on her calf; red marks on her arm; a scratch on her neck;

---

[1] Since all offenses were committed after 1 January 2019, all references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] In accordance with the terms of the plea agreement, the "on divers occasions" language was stricken from Specifications 1 and 2 after announcement of sentence.

bite marks on her arm; and a puffy, red mark on her neck. Suspecting abuse, the employees reported the injuries to the local family advocacy program, which in turn called the Texas Department of Family Protective Services. Also on this day, Appellant's co-workers overheard her speaking negatively about EM, calling her a "little b[**]ch" and stating that she was going to "pick up the little b[**]ch, pull her hair, and punch the s[**]t out of her."

Appellant provided an interview to security forces investigators. After initially denying that she had disciplined EM, Appellant admitted that she had become frustrated with EM, "lost control," and caused some of her injuries.

## II. DISCUSSION

Appellant argues on appeal that the length of confinement adjudged—ten months—is inappropriately severe. We are not persuaded and accordingly deny relief.

### A. Law

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only . . . the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citations omitted). Although we have broad discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

### B. Analysis

During sentencing, Appellant introduced personal photographs; evidence of community service; multiple good character letters; copies of awards, decorations, and coins received during her career; a psychotherapy treatment plan; and an unsworn statement. In her unsworn statement, Appellant expressed regret and remorse for her actions. In addition to matters in extenuation and mitigation, evidence showed that Appellant violently assaulted a six-year-old child over whom she had a position of trust and authority. Appellant used her hands, feet, and teeth during the assaults. As a result of Appellant's assaults, EM suffered nonaccidental physical trauma. EM also suffered longer-term emotional trauma requiring therapy. EM had trouble sleeping for about a year after the assaults, expressed distress and fear of Appellant, and required a

special education program for children with "emotional disturbance." Appellant's adjudged confinement was ten months, but her plea agreement allowed for up to 13 months. We note that Appellant's plea agreement required no less than a bad-conduct discharge. We further note that Appellant waived her right to request clemency from the convening authority.

We have given individualized consideration to Appellant, the nature and seriousness of the offenses, Appellant's record of service, and all other matters contained in the record of trial. We conclude that the sentence is not inappropriately severe.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59 and 66(d), UCMJ, 10 U.S.C. §§ 859, 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court